NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
**ROBERT GIBBS,**                               :
                                                :      Civil Action No.  06-cv-1093 (PGS)
             Plaintiff,                         :
                                                :
v.                                              :
                                                :
**JO ANNE B. BARNHART,**                        :      OPINION
**COMMISSIONER OF SOCIAL**
**SECURITY,**                                   :
                                                :
             Defendant.                         :
_____:

**SHERIDAN,  U.S.D.J.**

      This action is a timely appeal from a final decision of the defendant Commissioner of Social Security and is brought by the plaintiff pursuant to 42 U.S.C. 405(g) and 1383(c)(3).  Plaintiff, Robert Gibbs ("plaintiff" or "Gibbs"),  seeks a review of the final decision of the Commissioner of the Social Security Administration ("Agency") denying his claim for Disability Insurance Benefits and Supplemental Security Income Benefits for the period between November 1, 1999 and April 6, 2001.

I.

      Plaintiff filed for  Disability Insurance Benefits and Supplemental Security Income Benefits on June 29, 2001 alleging disability since April 6, 2001 due to a herniated disc in his lower back, arthritis in both arms and shoulders and numbness in his legs. (R. 90, 104).   Plaintiff was found disabled at the reconsideration level commencing April 6, 2001 ("onset date").  Plaintiff alleges that

1

on his first visit to the Social Security Administration, he alleged disability as of November 1, 1999 on his application, but that the Agency used April 6, 2001 instead. Plaintiff further alleges that the Agency mistakenly used an "unsuccessful work attempt" in April, 2001 as the date to use to determine his disability. The facts show that on plaintiff's application, the onset date of April 6, 2001 was crossed out and November 1, 1999 was inserted as the alleged date of disability. (R. 74). However, in his Disability Report dated May 15, 2001, plaintiff stated that his back condition first bothered him on April 4, 2001 and that he was unable to work thereafter. (R. 91). In a subsequent Disability Report (July 31, 2001) he indicated that his condition first bothered him on November 1, 1999, but that he did not stop working until April 6, 2001. (R. 104).

On September 7, 2005, Michal Lissek, ALJ, issued a decision that, based on the application filed in June 29, 2001, plaintiff is entitled to a period of disability commencing April 6, 2001, but not prior thereto.

The only issue to be determined by the Court is whether substantial evidence supports the Commissioner's decision that the onset date of plaintiff's disability was April 6, 2001.

II.

Although the record is voluminous, the relevant facts are straight forward. On December 7, 1999, plaintiff was treated at the St. Francis Hospital emergency room for injuries sustained when a heavy drum dropped on his right foot. The diagnosis was contusion and hematoma to his right foot. He was treated and released the same day. According to the record, the next time plaintiff was treated was April 7, 2001. At that time, plaintiff was again treated at St. Francis for a work related accident in which a hi-lo plate fell and hit him in the back.

Plaintiff's most current work experience was as a hi-lo operator which involved heavy lifting as well as loading and unloading. According to plaintiff, in November 1999 he stopped working due to hand numbness, pain running through both legs, and back pain. He testified that his doctor put him on disability in 1999. He further testified that approximately one year later he returned to work; but his employer could not continue to employ him because of his doctor's appointments and inability to do the work. However, plaintiff does not submit any supporting medical documents of the disability.

On April 19, 2005, Nathan Zemmel, M.D. testified at plaintiff's hearing as a medical expert. He testified that from a review of the records, plaintiff suffered from herniated disc syndrome and that he had been shot two times, once in the shoulder and once in the liver. He testified that the bullet fragment is to the right of L-1 which is the lower back. (R. 225). When asked whether in his opinion he felt the claimant had an impairment or combination of impairments that met or medically equaled a listed impairment for the time period of November 1, 1999 through April 5, 2001, Dr. Zemmel stated that he did not. He rated him as less than sedentary work because of his continued herniated disc syndrome, low back pain, stiff gait and inability to bend. However, he was unable to testify as to the time period of November, 1999 to April 5, 2001 since there were no medical records prior to April, 2001. The only record for the prior period was the St. Francis Hospital report from December 7, 1999. As stated above, that hospital visit was for a right ankle contusion due to a heavy drum being dropped on plaintiff's foot. (R. 227). Plaintiff's attorney questioned Dr. Zemmel about plaintiff's "probable" residual functional capacity in November, 1999 given the chronic nature of his symptoms and gun shot wound. Dr. Zemmel replied that the April 2001 report from the emergency room gives a diagnosis of back sprain and nothing else. He stated that his "less than

sedentary assessment" was based on the reports of Dr. Mayhen and Dr. Varsalow. The doctor testified that he had essentially accepted the diagnosis of herniated disc syndrome and degenerative disc disease at face value even though there is no MRI or x-ray evidence in the record to confirm these diagnoses.

### III.

Review of the Commissioner's final decision is limited to determining whether the findings and decision are supported by substantial evidence in the record. *See*, *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. §405(g). The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. S 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft*, 181 F.3d at 360 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted)); *see*, *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is less than a preponderance of the evidence, but more than a mere scintilla. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)*; Richardson*, 402 U.S. at 401; *Morales*, 225 F.3d at 316.

Plaintiff's attorney argues that since plaintiff was diagnosed as suffering from chronic back problems and awarded disability on April 6, 2001, he would therefore also be disabled for the time period of November 1, 1999 through April 5, 2001 since chronic back problems are usually part of a long-standing, slowly-progressing disease process. He further argues that the rules require that the judge retain a medical expert who will testify as to the likely onset of such a progressive disease process. He relies on Social Security Administration Rule SSR 83-20 which requires the medical expert to make "an informed judgement" based on "a legitimate medical basis". In addition, plaintiff

argues that the ALJ erred when he found plaintiff to have the residual functioning capacity to perform heavy work during the time period of November 1, 1999 to April 5, 2001. Plaintiff argues that the Third Circuit has held that when the onset of a claimant's illness is not clear, the Commissioner should follow SSR 83-20 in order to determine the onset of an illness that may be slowly progressing. *Newell v.Commissioner of Social Security*, 347 F.3d 541, 548 (3d Cir.2003); *Walton v. Halter*, 243 F.3d 703, 709-710 (3d Cir. 2001). As stated above, this requires the medical expert to testify as to the probable residual functioning capacity at the time of the alleged onset of the disability (here November, 1999). In this instant case, Dr. Zemmel testified that he could not determine if the disability occurred prior to April 6, 2001. In this Court's view, the determination that the disability was as of April 6, 2001 is based on substantial evidence. The record shows:

* Plaintiff testified that he had low back pain since 1999. However, there is no evidence in the record that he sought treatment for a back condition in 1999.

* Plaintiff was seen at the St. Francis Hospital emergency room in 1999. The report indicates that this was for a foot injury ( R. 192). Plaintiff denied any significant prior injury, and there was no mention of any back pain. (R. 203).

* When being examined by Dr. Vasallo on September 17, 2001, plaintiff stated that he had not worked since April, 2001 because of low back problems after an accident on the job. (R. 151). Plaintiff complained of constant low back pain for five or six months that was alleviated by resting. (R. 152).

* During the September 29, 2001 examination by Dr. Merlin, plaintiff reported a history of arthritis for only the past five months with pain localized in the knees, feet, and lower back. ( R. 157-59).

* Dr. Zemmel, the medical expert at the hearing, testified that he was unable to make a finding that plaintiff was limited to less than sedentary work any earlier than April 6, 2001. (R. 226 ).

* Plaintiff's employment up to his April, 2001 accident was that of a hi-lo operator, which falls into the category of heavy work.

Despite plaintiff's contention, it was fair and reasonable for ALJ Lissek to conclude the plaintiff's disability commenced on April 6, 2001 based on the above facts.

## Conclusion

Based on the foregoing, the final determination of the Commissioner of Social Security is affirmed.  The Complaint is dismissed.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

March 26, 2007